## J. M. O'DONNELL v. ANN O'DONNELL, BY HER NEXT FRIEND, ETC.

1. Where a wife, living separate from her husband on account of his alleged ill treatment, brings an action to enforce an *ante nuptial* agreement, in reference to the wife's separate property in the husband's possession, and there is an answer denying the agreement and the husband's possession of any property of the wife, but not denying the alleged ill treatment, nor her destitute situation, the court is authorized to make an order for the payment, by the husband, of a reasonable allowance, *pendente lite*, to enable the wife to prosecute her suit, and to enforce the same by execution; but not for alimony, that being within the exclusive jurisdiction of the court of common pleas.

2. Such an order affects substantial rights between the parties, and may be reviewed upon a petition in error.

GENERAL TERM.—Proceeding in error to reverse an order made by Storer, J., at the special term of May, A. D. 1856, whereby the plaintiff in error was required to pay a monthly allowance for the maintenance and support of his wife, the defendant in error, *pendente lite*, and a further allowance to enable her to prosecute her suit.

The facts are sufficiently stated in the decision.

*T. A. O'Connor* and *Mills & Hoadly*, for plaintiff in error.

*Collins & Herron*, for defendant in error.

SPENCER, J., delivered the opinion of the court.

Ann O'Donnell filed her petition in this court, setting

forth that she was the wife of defendant, and had been for several years; that, prior to their marriage, articles had been entered into between them, by which it was agreed that her personal property, consisting of some $300 in money, and household furniture and farming utensils worth $200 more, should be vested in trustees for her separate use, who were to loan the same to her husband, at interest, if they should see proper. At this time they resided in Ireland. That the property was accordingly vested in two trustees, one of whom was her own brother, and the other her husband's brother; that the money and property, to the amount of $500, were put into her husband's hands, and he is still indebted therefor; that her husband and self now reside here, and have for several years past; that one of the trustees, her brother, is dead, and the other, defendant's brother, a resident still in Ireland. Petitioner avers that she has received such ill treatment from her husband, and his family with his connivance, as to be compelled to abandon his house and seek safety and shelter elsewhere; that she has no adequate means of support, and therefore asks for the appointment of new trustees to manage the trust fund, and that defendant may be compelled to pay to her the sum of money in his hands belonging to her, and for an order upon the defendant to furnish her with means to carry on her suit, and for maintenance while the same shall be pending.

The defendant, by his answer, denies that there was such a contract as is alleged in the petition, or that he ever received any money belonging to the plaintiff, but does not deny the other averments of the petition, as to the ill treatment of the plaintiff by defendant and his family, so as to compel her to abandon his house, nor her destitute situation. It was also in evidence that the defendant was a man of considerable property.

Upon the hearing of the petition, answer, and affidavits, the court made a provisional order, at the last May term, requiring the defendant to pay to the clerk of the court the sum

of $25, on the first day of every month, during the pendency of the suit, for the plaintiff's maintenance and support, and the further sum of $25, to enable her to prosecute her suit; and in default of payment, execution was to issue therefor in plaintiff's behalf.

At the June term, the defendant filed, by leave of court, an amended answer, setting forth that the plaintiff, before the bringing of this suit, had commenced an action in the court of common pleas, for alimony, upon the same alleged grievances, which is still pending; and exhibited therewith evidence of the pendency of said suit, and thereupon moved the court to set aside the order previously entered. This motion was overruled, and an exception taken by defendant. The defendant now prosecutes his petition in error, averring that said order for maintenance and support, and for the payment of funds to prosecute the suit, is contrary to law.

The first question we have been called upon to consider is, whether the order in question is the subject-matter of review, as a final order? and upon this question we have labored under much difficulty. Except so far as it purports to be enforced by execution, it is in no just sense final, since it is clearly revocable, at any time, by the court which granted it. And yet, on the other hand, such an order, improperly made, may and must affect substantial rights between the parties. Such an order might be made as well before as after the coming-in of an answer, admitting the plaintiff's character of wife; or it might be made in a case of disputed right, and before it was finally determined that the plaintiff was entitled to any relief, and where the ultimate finding was the other way. Meanwhile, if the defendant could have no remedy, by appealing to a court of error, his property might be sold on execution to pay a claim awarded against him, and for which he was ultimately found to be not liable, or which the court had no power to grant. If a similar order had been made in another case, between parties not claiming to be husband and wife, we should have had no difficulty in pronouncing it final, as

affecting substantial rights, and therefore the subject of review. Why not, when made in a proceeding between husband and wife? Because, it is said, that the humane provision of the law might be frustrated if the wife could be delayed from her support and the necessary means of carrying on a suit, until proceedings in error could be determined. Undoubtedly this objection would be serious, if not fatal, where the order was discretionary, and was within the power or jurisdiction of the court. But it wholly fails in cases where this power does not exist. In 4 Har. & McH. 477, *Galwith* v. *Galwith*, such an order was considered final, though subject of review. So far, however, as this court is concerned, its peculiar organization is such that we are relieved from all questions, in this class of cases, arising from difficulty on the point of jurisdiction, if sitting in error at general term.

And this brings us to consider the power of the court to make the order in question. So far as that order required the payment of a certain sum by the defendant to the plaintiff, as a necessary means to enable her to carry on her suit, it is so clearly within the usages of courts of equity in like cases as to need no vindication. This kind of chancery jurisdiction arose from the necessity of the case. As a wife could have and control no property at law during coverture, she would be wholly at the mercy of her husband if she could not have some means allowed, out of his estate, to enable her to carry on her suit against him. In such case no other tribunal could afford relief. But the case of alimony, or maintenance, *pendente lite*, or otherwise, stands upon a different footing. To what extent the jurisdiction of the Chancellor to grant alimony in England exists at this day, is perhaps involved in some uncertainty. The earliest cases we have on the subject were all of them decided during the times of the Commonwealth, when, the spiritual courts being abolished, chancery took jurisdiction of these matters from necessity. After the Restoration, and with it the restoration of the spiritual courts, the

jurisdiction of the Chancellor was exercised within much narrower limits, until now it may fairly be said to exist in those cases only where it becomes necessary as auxiliary to some other right or remedy, or where the court, having jurisdiction for some other purpose, exercises this power as an incident. As, where the wife claiming her separate estate in the lands of her husband, he will be decreed to pay her out of it maintenance, *pendente lite*, and this has been done even before the right of the wife to the fund has been clearly established. So, where the spiritual court has decreed alimony, the aid of the Chancellor has been invoked to assist in carrying out the decree. So, also, where the wife has sought a *supplicavit* against her husband, to compel him to give security for the fund, the Chancellor, as accessory thereto, having obtained jurisdiction, will award alimony. This power of the Chancellor to award alimony in England, except out of the wife's own property, has only been exercised with great caution, and upon the principle of absolute necessity, the jurisdiction of the spiritual court in such cases, and its power to enforce payment of alimony, being exceedingly limited. Fonblanque, in his excellent treatise, p. 96, doubts the jurisdiction of a court of equity to grant alimony. Lord Loughborough, in 3 Ves. Jr. 361, *Legard* v. *Johnson*, says, "That a court of equity can not enter into the consideration of the rights and duties arising from this most important relation in life," and therefore refused to give the wife the benefit of an agreement with her husband to live separate; and, again, in 2 Ves. Jr. 195, *Ball* v. *Montgomery*, says, "That no court, not even the ecclesiastical court, has any original jurisdiction to give a wife a separate maintenance."

The American cases, however, have gone beyond the English in asserting this power for the Chancellor, as in Virginia, South Carolina, Maryland, and Kentucky. But they proceed on the express ground that, unless this jurisdiction was exercised, the wife would be utterly helpless, since in those States there is no other tribunal to which she

can resort. 4 Hen. & M. 511, *Purcell* v. *Purcell;* 4 Dessaus. 33, *Prather* v. *Prather;* 4 Har. & McH. 477, *Galwith* v. *Galwith;* 3 Dana, 28, *Lockbridge* v. *Lockbridge;* 2 B. Mon. 142.

However forcible this consideration may be, as applicable to other lands, we believe it has but little, if any, application here. Our statute concerning divorce and alimony, Curwen, 2167, has made abundant provision for the wife to relieve her from distress, when abandoned by the husband, by an application to the court of common pleas for alimony. To that court, it is believed, belongs exclusive jurisdiction in matters falling within its purview. In cases not comprised within it, it may be that the court clothed with equity powers may interfere to protect the wife. This need not now be considered. There is no doubt that the wife's grievances, in the present case, would entitle her to relief under that statute. She has, in fact, made such an application to the court of common pleas, which was pending when the order for maintenance, in this case, was granted, and which, so far as we know, is still pending. Under these circumstances, no necessity could exist for the allowance of alimony in the present case, and, it seems to us, the court possessed no proper jurisdiction to make such a charge personally upon the defendant, enforcible by execution. Had there been an admitted fund of the plaintiff in the hands of the defendant, or of any trustee for her, there would have been a clear propriety in making an order for her support, chargeable upon such fund. But such is not the case.

Upon looking at the order, it is evident that the court has not made an adequate provision to the wife for carrying on her suit, independent of the allowance for a support, nor such as would have been made but for the latter provision. There is no doubt that a much larger sum for the maintenance of her suit will be necessary, than has already been granted for that purpose. The defendant is possessed of large means, and abundantly able to pay. While, therefore, we feel reluctantly constrained to set aside so much of

the order as awards alimony for support, upon the ground of a defect of jurisdiction, we feel at liberty to advise the court at special term, to which the case is remanded, to enlarge the order in the other respect.

Judgment reversed as to the allowance of alimony.